IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| ANGELA NAILS, | ) Civil No.: 3:15-cv-1033-JE |
| | ) |
| Plaintiff, | ) FINDINGS AND |
| | ) RECOMMENDATION AND ORDER |
| v. | ) |
| | ) |
| CHARLES BAILEY, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

Angela Nails
15406 Bellaire Ave.
Apt. M
Grandview, MO 64030

Plaintiff *Pro Se*

JELDERKS, Magistrate Judge:

Plaintiff Angela Nails brings this action against Defendant Charles Bailey.  Plaintiff has

applied to proceed *in forma pauperis* and has moved for the appointment of pro bono counsel.

Plaintiff's application to proceed *in forma pauperis* is granted and her motion for

appointment of counsel is denied.  For the reasons set forth below, Plaintiff's Complaint should

be dismissed, without service of process, for lack of subject matter jurisdiction and on the basis

FINDINGS AND RECOMMENDATION AND ORDER – 1

that it fails to state a claim upon which relief may be granted.  See FRCP 12(h)(3); 28 U.S.C. § 1915(e)(2)(B).

## Background

This Complaint is one of five that Plaintiff filed on the same day in this Court.  As in her other Complaints, Plaintiff's allegations are vague, rambling and difficult to ascertain.  In this action she alleges that "Defendant did not timely respond to the Complaint of the plaintiff when granting the dismissal and not finding the other side in default . . . ."  She seeks $75,000 in damages.

## Discussion

Under 28 USC § 1915(e)(2)(B), a complaint filed *in forma pauperis* must be dismissed before service of process if it is frivolous, fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief.

In order to state a viable claim, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."   Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); see also,  Ashcroft v. Iqbal, 556 U.S. 662 (2009)(specifically applying Twombly analysis beyond the context of the Sherman Act).  In addition, under Federal Rule of Civil Procedure 8(a)(1), every complaint must contain "a short and plain statement of the grounds for the court's jurisdiction...." However, "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." 28 U.S.C. § 1653.  The court must liberally construe a pro se plaintiff's complaint and permit amendment unless the deficiencies in the complaint cannot be cured by amendment.  Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 623-624 (9th Cir. 1988).

FINDINGS AND RECOMMENDATION AND ORDER – 2

Furthermore, Federal Rule of Civil Procedure 12(h) requires this court to dismiss an action "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter." See also Augustine v. United States, 704 F.2d 1074, 1077 (9th Cir. 1983). A court may dismiss an action *sua sponte* if it lacks subject matter jurisdiction. See, e.g., Cal. Diversified Promotions, Inc. v. Musick, 505 F.2d 278, 280 (9th Cir. 1974). Jurisdiction must be based on either diversity of citizenship for cases involving more than $75,000 in damages between citizens of different states or on a claim based on the United States Constitution, laws, or treaties of the United States. 28 U.S.C. §§ 1331,1332.

As an initial matter, for basis of jurisdiction, Plaintiff has checked the box on page 2 of the Complaint form indicating federal question jurisdiction. While Plaintiff may have grounds for asserting federal question jurisdiction, those grounds are not articulated in Plaintiff's Complaint. Furthermore, although it appears that the parties are citizens of different states, Plaintiff seeks exactly $75,000 in damages. Thus the amount in controversy fails to meet the jurisdictional threshold. See 28 U.S.C.§ 1332 (amount in controversy must exceed the sum or value of $75,000, exclusive of interests and costs). As a result, this court lacks subject-matter jurisdiction in this case.

Plaintiff does not indicate who Defendant Bailey is. However, based on the limited assistance of her allegations and in the context of the other actions Plaintiff has brought against various entities connected to the Washington County Circuit Court, I am led to believe that the named Defendant is a Washington County Circuit Court Judge. In addition to the inferences drawn from the Plaintiff's Complaints that the Defendant was the judge who granted a dismissal (apparently of Plaintiff's case), this court takes judicial notice that a Charles Bailey is, in fact, a Washington County Circuit Judge. As such, Defendant Bailey is entitled to absolute immunity

and Plaintiff's claim against him should be dismissed.  See  Schucker v. Rockwood, 846 F.2d 1202, 1204 (9th Cir .1988) (per curiam) (citations omitted)("Judges are absolutely immune from damage actions for judicial acts taken within the jurisdiction of their courts.... A judge loses absolute immunity only when [the judge] acts in the clear absence of all jurisdiction or performs an act that is not judicial in nature.").

Plaintiff's action should be dismissed and, because it is apparent that the deficiencies of the Complaint cannot be cured by amendment, the dismissal should be with prejudice.  In addition, there is no constitutional right to counsel in a civil case,  United States v. 30.64 Acres of Land, 795 F.2d 796, 801 (9th Cir. 1986); 28 U.S.C. § 1915(e)(1), and under the circumstances in this case, appointment of counsel would be futile in any event.  Plaintiff's motion for appointment of pro bono counsel is, therefore, denied.

## Conclusion

For the reasons set out above, Plaintiff's application to proceed *in forma pauperis* [#1] is GRANTED, and her motion for pro bono counsel [#4] is DENIED.  This action should be DISMISSED without service of process for lack of subject matter jurisdiction and for failure to state a claim upon which relief may be granted.  A judgment should be entered dismissing this action with prejudice.

## Scheduling Order

This Findings and Recommendation will be referred to a district judge.  Objections, if any, are due September 4, 2015.  If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

FINDINGS AND RECOMMENDATION AND ORDER – 4

If objections are filed, then a response is due within 14 days after being served with a copy of the objections.  When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this 18th day of August, 2015.


_____/s/ John Jelderks_____
John Jelderks
U.S. Magistrate Judge

FINDINGS AND RECOMMENDATION AND ORDER – 5